## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BYCZEK, on behalf of himself and all other plaintiffs similarly situated known and unknown, | ) ) ) | Case No.: |
| Plaintiffs, | ) ) ) | Judge: |
| v. | ) ) | |
| SIDDHI VINAYAK, INC. dba SUPER 8 BRIDGEVIEW, and MANOJ MAHAPATRA, individually, | ) ) ) ) | Magistrate Judge: |
| Defendants. | ) ) | |

### **COLLECTIVE ACTION COMPLAINT**

Plaintiff, CHRISTOPHER BYCZEK, individually and on behalf of persons similarly situated, state as follows as his Collective Action Complaint against SIDDHI VINAYAK, INC. dba SUPER 8 BRIDGEVIEW ("Siddhi Vinayak"), and MANOJ MAHAPATRA, individually ("Mahapatra" and collectively with Siddhi Vinayak, "Defendants"):

### **Nature of the Action**

1. Plaintiff brings this claim for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq,* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS § 115/1 *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks and for their refusal to pay employees their full wages within the time period required by law. Defendants' unlawful compensation practices have had the effect of

1

denying Plaintiff and other similarly situated employees their lawfully earned and living wages. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b).

## Parties

2. Plaintiffs are all citizens of Illinois who are current or former employees of Defendants who were employees of Defendants.

3. Defendant Siddhi Vinayak is a Delaware corporation with its headquarters at 3219 Tall Grass Drive, Naperville, Illinois. Siddhi Vinayak is a Super 8 franchisee which operates a hotel at 7887 West 79th Street, Bridgeview, Illinois.

4. Defendant Manoj Mahapatra is the President of Siddhi Vinayak. Mahapatra is responsible for the pay rates, schedules and other terms and conditions of Plaintiffs' employment.

## Jurisdiction and Venue

5. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

6. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

## Factual Allegations

7. Plaintiff was employed as a non-management employee by Defendants. Plaintiff was paid on an hourly basis. Plaintiff worked over 40 hours in any given week but was not paid at a rate of time-and-one-half for all hours they worked over forty.

8. Defendants were previously cited by the Illinois Department of Labor for failing to pay overtime wages. As a result of the citation, Defendants were required to pay the employees the overtime, but they were not required to pay liquidated damages or interest to the employees.

9. After IDOL required Defendants to pay their employees, Defendants decided that they would require their employees to clock out and continue to work to hide their overtime violations.

10. The arrangement described above denied the employees from earning their base wages for the hours they worked over 40.

11. Additionally, Defendants would often schedule employees to work more than 40 in a single work week and then schedule them for less than 40 for the next. Thus, the employees' bi-weekly checks showed 80 hours. However, the employees are entitled to overtime compensation for any hours worked over 40 in one week.

12. Finally, Defendants' time records reveal that they improperly rounded the employees' time down. Defendants rounded the time down up to .45 hours and failed to make correspondingly favorable rounding up. This resulted in a loss of wages to the employees.

13. Defendants agreed to pay front desk workers such as Mr. Byczek additional pay for rooms they cleaned. However, after October 2015, Defendants failed to pay Mr. Byczek the agreed-upon additional pay.

14. Defendants further agreed to pay front desk workers such as Mr. Byczek additional pay for rooms that they rented if the original guest checked out early. Mr. Byczek and other front desk workers were supposed to collect 10% of any rental fees if they double booked the room. However, after October 2015, Defendants failed to pay Mr. Byczek the agreed-upon pay.

15. On or about October 1, 2015, Mr. Byczek requested to be paid overtime for hours he worked the week prior over 40. Mahapatra agreed to pay Mr. Byczek for some of the overtime

and added $110 to his check ($10 per hour for 11 additional hours). However, the following pay period (on or about October 15, 2015), Defendants deducted $110 from Mr. Byczek's pay check.

16. Mr. Byczek protested the deduction to Mahapatra. In response, Defendants terminated Mr. Byzczek's employment.

**Collective Allegations**

17. Plaintiff seeks to prosecute his FLSA claims as a collective on behalf of all hourly employees of Defendants in the State of Illinois within the past three years preceding this lawsuit to the day of trial and elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) and who worked in excess of forty (40) hours during one or more weeks but were not paid lawful wages and overtime compensation for such time.

18. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked overtime hours, including but not limited to being subject to a practice or policy of Defendants failing to credit all overtime hours worked.

19. Plaintiff and other similarly situated employees were not exempt from overtime pay.

20. At all times material to this Complaint, Defendants failed to comply with the FLSA and the IMWL in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provision was made by Defendants to pay Plaintiff and similarly situated persons properly for all overtime hours - that is, all of the hours worked in excess of forty (40) - within a workweek.

21. Plaintiff and those similarly situated were entitled to an overtime rate of pay equal to time and one‐half wages for overtime hours worked.

22. There are estimated to be over 50 current and former employees within the asserted class for this collective action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid overtime compensation, a collective action is a superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted collective so that all claims may be resolved efficiently in a single proceeding.

23. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

24. Plaintiff will fairly and adequately protect the interests of each Class and has retained counsel that is experienced and competent in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective.

### COUNT I - OVERTIME DUE UNDER THE FLSA
**(Fair Labor Standards Act)**
**(Plaintiff Individually And On Behalf of all Non-Management Employees Pursuant to 29 U.S.C. § 216)**

25. Paragraphs 1 through 24 are re-alleged as if fully set forth herein.

26. At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of non-management employees within the meaning of the FLSA.

27. Defendants have a policy and practice of refusing to pay overtime compensation to its hourly employees for the hours worked in excess of forty (40) hours per week.

28. Defendants' failure to pay Plaintiff and similarly situated members of the proposed class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour workweek is a violation of the FLSA, in particular, 29 U.S.C. §§ 206 and 207.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30. Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the proposed class of non-management employees that they have suffered damages and are entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### COUNT II – OVERTIME DUE UNDER THE IMWL
**(Illinois Minimum Wage Law)**
**(Plaintiff Individually Against All Defendants)**

31. Plaintiff hereby realleges and incorporates paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

33. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked in excess of forty (40) hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

34. During the 3 years prior to the filing of this Complaint, Plaintiff was regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week but was not compensated for such overtime work.

35. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation to be paid to non-exempt employees

36. As a result of Defendants' policy and practice of withholding all overtime compensation due, Plaintiff has been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A declaratory judgment that Defendants have violated the overtime provisions of the IMWL as to the Plaintiff;

B. A declaratory judgment that Defendants' violations of the IMWL were willful;

C. A judgment to Plaintiff in the amount of unpaid overtime;

D. A judgment to Plaintiff of punitive damages as provided by IMWL;

E. A judgment to Plaintiff of reasonable attorneys' fees;

F. Costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

### COUNT III – FAILURE TO PAY MINIMUM WAGE
(Fair Labor Standards Act)
(Plaintiff Individually And On Behalf of all Non-Management Employees
Pursuant to 29 U.S.C. § 216)

37. Paragraphs 1 through 36 are re-alleged as if fully set forth herein.

38. At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of non-management employees within the meaning of the FLSA.

39. Defendants have a policy and practice of requiring employees to punch out and continue working on a nearly daily basis. Defendants also have a practice of rounding employees' hours reported down so as to deny the employees compensation for all hours worked.

This results in Plaintiff and other similarly situated non-management employees not receiving compensation or minimum wage for the hours they work after they punch out and for hours they work which are rounded down.

40. Defendants' failure to pay Plaintiff and similarly situated members of the proposed class compensation at a rate not less than the minimum wage is a violation of the FLSA, in particular, 29 U.S.C. § 206(a)(1).

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Due to Defendants' FLSA violations, Plaintiff alleges on behalf of the members of the proposed class of non-management employees that they have suffered damages and are entitled to recover from Defendants the unpaid compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### **COUNT IV – FAILURE TO PAY MINIMUM WAGE**
**(Illinois Minimum Wage Law)**
**(Plaintiff Individually Against All Defendants)**

43. Plaintiff hereby realleges and incorporates paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

44. This count arises from Defendants' violation of the minimum wage compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

45. Under the IMWL, Defendants were and remain obligated to compensate Plaintiff for all hours worked. Compensation must be paid at a rate of not less than $8.25 per hour.

46. During the 3 years prior to the filing of this Complaint, Plaintiff was regularly permitted, encouraged and/or required to work in excess of forty (40) hours per week but were not compensated for such work.

47. Defendants also have a practice of rounding employees' hours reported down so as to deny the employees compensation for all hours worked.

48. By failing to pay overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires compensation to be paid to non-exempt employees

49. As a result of Defendants' policy and practice of withholding all compensation due, Plaintiff has been damaged in that he has not received wages due to him pursuant to the IMWL.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A declaratory judgment that Defendants have violated the minimum wage provisions of the IMWL as to the Plaintiff;

B. A declaratory judgment that Defendants' violations of the IMWL were willful;

C. A judgment to Plaintiff in the amount of unpaid wages;

D. A judgment to Plaintiff of punitive damages as provided by IMWL;

E. A judgment to Plaintiff and the Class of reasonable attorneys' fees;

F. Costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

**COUNT V - FAILURE TO PAY WAGES OWED**
**(Illinois Wage Payment and Collection Act)**
**(Plaintiff Individually Against All Defendants)**

50. Plaintiff hereby realleges and incorporates paragraphs 1 through 49 of this Complaint, as if fully set forth herein.

51. Illinois law provides that:

> Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period.

820 ILCS §115/3.

52. Defendants have a policy and adhere to said policy of not paying Plaintiff and its other employees all of wages earned within the timeframe prescribed by the IWPCA.

53. For example, Defendants require their employees to work off the clock on a nearly daily basis. The employees are never paid for the hours they work off the clock.

54. The foregoing actions of Defendant constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* Defendant's actions were willful and not in good faith.

55. Defendants are liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115 *et seq.* and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

WHEREFORE, Plaintiff requests the following relief:

A. An award of all damages allowed under the law for the last 10 years, including statutory interest and attorneys' fees and costs.

### COUNT VI – IMPROPER DEDUCTIONS
**(Illinois Wage Payment and Collection Act**
**(Plaintiff Individually Against All Defendants)**

56. Plaintiff hereby realleges and incorporates paragraphs 1 through 55 of this Complaint, as if fully set forth herein.

57. Illinois law provides that: "deductions by employers from wages or final compensation are prohibited." 820 ILCS §115/9.

58. Defendants improperly deducted $110 from Plaintiff's pay claiming that the amount was an "advance" on his wages. The payment, however, was not an advance but was intended by the parties to compensate Plaintiff for a small portion of the overtime compensation to which he was owed.

59. The deduction was not required by law, was not to Plaintiff's benefit, and was not made with Plaintiff's consent.

60. The foregoing actions of Defendants constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* Defendants' actions were willful and not in good faith.

61. Defendants are liable to Plaintiff for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115 *et seq.* and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

WHEREFORE, Plaintiff requests the following relief:

A. An award of all damages allowed under the law, including statutory interest and attorneys' fees and costs.

### COUNT VII – RETALIATION
**(Fair Labor Standards Act)**
**(Plaintiff Individually Against All Defendants)**

62. Paragraphs 1 through 61 are re-alleged as if fully set forth herein.

63. Pursuant to the FLSA, 29 U.S.C. §215(a)(3), it is unlawful for any person to "discharge or in any manner discriminate against an employee because such employee has filed any complaint" of a violation of the FLSA.

64. Plaintiff complained of failure to pay overtime, and he was immediately terminated because of his complaint.

65. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

66. Due to Defendants' FLSA violations, Plaintiff alleges that he has suffered damages and are entitled to recover from Defendants lost wages, front pay, compensatory damages, liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, and any other relief available under the law.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated: January 25, 2016

                                                Respectfully submitted,

                                                By:/s/ David J. Fish_____
                                                One of Plaintiff's Attorneys

David Fish
Kimberly Hilton
The Fish Law Firm, P.C.
200 E. 5th Avenue, Suite 123
Naperville, IL 60565
(630) 355-7590
dfish@fishlawfirm.com
khilton@fishlawfirm.com